UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | CRIMINAL NO. 19-CR-10459-RWZ |
| v. | ) ) ) |  |
| ROBERT LARA | ) ) ) |  |

DEFENDANT'S SENTENCING MEMORANDUM

The defendant, submits this memorandum to aid the court in arriving at a reasonable sentence that is sufficient and not greater than necessary to promote all of the goals of the Sentencing Reform Act. 18 U.S.C. § 3553(a).  Submitted herewith are letters of support from Norieliz de Jesus, Officer Jonathan Maldonado, and Tanairy Garcia.  Additional letters are expected, and will be filed prior to sentencing.

Mr. Lara is before the court for sentencing on one count of racketeering conspiracy as a member of the Latin Kings, which he joined at the age of fourteen.

For the reasons explained below, Mr. Lara submits that a sentence of time served (three months and twenty-six days), followed by three years of supervised release, is sufficient but not greater than necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Guidelines

The parties and Probation agree that the Guidelines calculation begins with a Base Offense Level of 19 and that it should be reduced by three levels based on Mr. Lara's acceptance of responsibility. Mr. Lara and the government agree that he should be given a four-level reduction based on his minimal role in the offense, resulting in a Total Offense Level of 12 and a Guidelines Sentencing Range ("GSR") of 10-16 months.

Probation does not agree that there should be any role reduction, despite the uncontested fact that Mr. Lara never participated in either the drug or gun operations carried out by the Latin Kings; never had any official position within the organization; never participated in any predicate act of racketeering, and rarely if ever even spoke at meetings of the Latin Kings.

> Mr. Lara Should Be Granted the Four-Level Reduction Pursuant to USSG § 3B1.2(a) as Recommended by the Parties Because His Participation in the RICO Conspiracy to Which He Pled Guilty Was Minimal. He Held No Position in the Latin Kings, Did Not Participate in any Predicate Acts, Had No Involvement with Drugs or Firearms, and Attended but Rarely Even Spoke at Meetings.

At the Rule 11 hearing, Mr. Lara explained that he had joined the Latin Kings as a young teen, unaware of the full scope of the gang's activities.[1] It was

---

[1] The statement in the PSR that "he understood the various acts committed and the structure of the Latin Kings *following* his becoming a member" seems to acknowledge this. *PSR*, p. 34 (Officer's Response to Objection #5, *emphasis added*).

not a conscious decision to join a criminal organization, but in the circumstances in which he grew up, a way of belonging and finding safety in his community.  As Jonathan Maldonado wrote in his letter to the court, "[w]hen you're raised in a rough neighborhood, joining a gang to feel accepted and for protection was the norm."  Later, not wanting to remain in the gang but also trying to protect his own safety, Mr. Lara attended meetings in order to avoid violent punishment for failure to comply with the rules of the Latin Kings.  This is consistent with the evidence presented at Mr. Lara's detention hearing.  The government's witness, Craig Harvey, described Mr. Lara as a member of the Latin Kings who attended meetings, mostly without speaking.[2]  He was never alleged to have gone on "missions" for the Latin Kings; never sold drugs or had any involvement with firearms; and never held any official position in the Latin Kings other than being a member.  His failure to participate in any of these activities, and his lack of active participation in all but one of the meetings he attended qualify him for a 4-level role reduction, as he was "plainly among the least culpable of those involved in the conduct of the group."  USSG § 3B1.2(a); Comment 4.  The conspiracy charged in this case had multiple levels of leadership, below which were members who

---

[2] Speaking at a meeting is not necessarily active participation in the criminal activity. For example, at a February 9, 2018 meeting, Mr. Lara spoke only to ask if he could borrow $300.00. His request was approved, but he had to pay $50.00 "interest."

3

carried out the mission of the organization by selling drugs, using firearms, and in some instances committing murders. Mr. Lara did none of these things.

There was only one meeting where Mr. Lara actively participated, and that was on March 17, 2019. The circumstances were highly coercive, and Mr. Lara regrettably followed orders to violate another member at the meeting after it was made clear that failure to do so would likely result in a violent attack on Mr. Lara himself. Largely because of this incident, he was detained from the time of his arrest on December 5, 2019 until March 31, 2020. This court reviewed evidence regarding the March incident prior to revoking Mr. Lara's Order of Detention.

Probation's position that no role reduction should apply does not take into account the minimal nature of Mr. Lara's "participation" in the meetings he attended, or the five factors set forth in Application Note C to § 3B1.2(i)-(v), instead focusing solely on the span of time during which Mr. Lara attended meetings and his awareness of the structure and unlawful activities of the Latin Kings. He had *no* participation in planning or organizing the criminal activity of the gang (App. Note C(ii)); *no* decision-making authority or influence over decisions (C(iii)); *no* participation in the drug-dealing business of the organization (C(iv); and he stood to receive no benefit from the criminal activity of the gang (C(v)).

Whichever way the Guidelines issue is resolved, the application of the parsimony principle to this case calls for a sentence of time served, for the reasons explained below.

18 U.S.C. § 3553(a) Factors

Sentencing courts are not permitted to presume that a sentence within the Guidelines Range is reasonable, but must view each defendant as an individual and impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing." *Gall v. United States*, 128 S.Ct. 586, 596 (2007); 18 U.S.C. § 3553(a). In determining the sentence, judges should consider "all the relevant factors" and " construct a sentence that is *minimally sufficient* to achieve the broad goals of sentencing." *United States v. Yonathan Rodriguez*, 527 F.3d 221 (1st Cir. 2008).

History and Characteristics

Despite a difficult upbringing as detailed in the PSR at ¶ 83, Mr. Lara had a solid record of employment and had been in a stable relationship with Norieliz de Jesus for over 6 years before his arrest in this case. He had dreamed of working for law enforcement, a goal that is now out of reach because of his conviction in this case. But before he was indicted, he had taken the exam and applied for a job at the Chelsea Police Department.

Since his release on March 31, 2020, not only has he been in full compliance with his release conditions, he has been active in his Chelsea community; has survived a challenging bout with COVID while taking care of a family of five (recently increased to six)[3]; and has supported his fiancé, Norieliz de Jesus, in her successful campaign for city council.

His release conditions originally included home detention. He was working 40-60 hours a week and was permitted to leave home only for work, medical and legal appointments, and other activities as approved by Probation. In October, 2020, the conditions were modified, replacing home detention with a curfew of 10:00 p.m. to 6:00 a.m. Docs. 1421, 1422. On October 21, 2021, with the support of Probation, this court vacated Mr. Lara's curfew. Doc. 2207.

Before his arrest in this case, Mr. Lara was working full time for Schnitzer Steel in Everett. Upon his release, just as the COVID pandemic was beginning, he got a full time job as a UPS driver, a job he maintained until he decided to work for La Colaborativa in Chelsea, to use his skills to support the organization where Ms. de Jesus worked. Before working there, he had also volunteered there and participated in demonstrations advocating for an extension on the moratorium on evictions. He wanted to be an activist full-time. But the financial demands of his

---

[3] After living Brady-bunch style with three children from prior relationships, Mr. Lara and Ms. de Jesus now have a daughter together, born last December.

growing family caused him to re-think his choice of employment, and in early February of this year, he switched jobs and began to work full time driving a truck for Republic Services in Revere.

The importance of family to Mr. Lara cannot be overstated, and is best shown in photographs, which will be submitted separately.

Statutory Purposes of Sentencing

There is no purpose of sentencing set forth in 18 U.S.C. § 3553(a) that would be served by sentencing Mr. Lara to any further time in confinement given the nature and circumstances of his participation in the offense, particularly when he has spent the past two years doing everything possible to support his family, develop and continue close relationships with his children, and serve his community. His record while on pre-trial release was without issues. The purposes of just punishment, respect for the law, and deterrence have been adequately served by Mr. Lara's nearly four months in pre-trial detention and two years under the supervision of probation. His pre-trial release began with home confinement, and became less restrictive based on his performance. A prison sentence at this point would be counterproductive and would not serve the purpose of deterrence, nor would it promote respect for the law. A sentence of further confinement, even if it were to be home detention, would also serve no purpose,

where Mr. Lara has been on home detention and proven that he will live a law-abiding life without it.

For all of these reasons, the nearly four months he served in pre-trial detention, together with three years of supervised release is sufficient to meet the goals of sentencing.

WHEREFORE, the defendant, , respectfully requests this Honorable Court to impose a sentence of time served, to be followed by three years of supervised release.

Respectfully submitted,

DEFENDANT
By his Attorney,

/s/Leslie Feldman-Rumpler
Leslie Feldman-Rumpler
Attorney-at-Law
BBO # 555792
4 Cypress Street, Suite 7
Brookline, MA  02445
(617) 728-9944
Leslie@feldmanrumplerlaw.com

## CERTIFICATE OF SERVICE

I, Leslie Feldman-Rumpler, hereby certify that I have served a copy of the within motion on all parties by causing it to be filed electronically via ecf.

| | |
|---|---|
| 3/3/2022 <br> Date | /s/Leslie Feldman-Rumpler <br> Leslie Feldman-Rumpler, Esq. |